OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
DAVID RAIZMAN CA Bar No. 129407
david.raizman@ogletree.com
AMBER L. ROLLER CA Bar No. 273354
amber.roller@ogletree.com
400 South Hope Street, Suite 1200
Los Angeles, California  90071
Telephone:  213.239.9800
Facsimile:   213.239.9045

Attorneys for Defendant
REGAL CINEMAS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN GORECKI, an individual,<br><br>           Plaintiff,<br><br>      v.<br><br>REGAL CINEMAS, INC.; and DOES 1-10, inclusive,<br><br>           Defendants. | Case No. 2:18-cv-00064<br><br>**DEFENDANT REGAL CINEMAS, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>[Filed concurrently with:  Civil Cover Sheet; Certificate of Interested Parties and Corporate Disclosure Statement; and Declarations of David Raizman and David Doyle]<br><br><br>Complaint Filed: November 9, 2017<br>Trial Date:       None<br>Judge:            Hon. TBA |

32485761_1.docx

Case No. 2:18-cv-00064

DEFENDANT REGAL CINEMAS, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that defendant Regal Cinemas, Inc. ("Defendant") hereby removes this action from the Superior Court of the State of California for the County of Los Angeles (the "State Court") to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

## I.   TIMELINESS OF REMOVAL

1.   On November 9, 2017, plaintiff Sean Gorecki ("Plaintiff") filed an unverified Complaint in the State Court, commencing the action entitled *Sean Gorecki, an individual, v. Regal Cinemas, Inc.; and DOES 1-10, inclusive,* Case No. BC682545.  A true and correct copy of the Complaint is attached as Exhibit "A" to this Notice of Removal.

2.   The Complaint asserts a claim for Violation of the Unruh Civil Rights Act, California Civil Code § 51, *et seq.* ("Unruh Act").

3.   Defendant's registered agent for service of process was served with the Complaint on December 4, 2017.  A true and correct copy of the documents served on Defendant's registered agent is attached to this Notice as Exhibits "A" and "B."

4.   On January 2, 2018, Defendant filed its Answer to Plaintiff's Complaint.  A true and correct copy of Defendant's Answer to the Complaint is attached to this Notice as Exhibit "C."

5.   A defendant in a civil action has thirty (30) days from the date it is served with a summons and complaint in which to remove the action to federal court. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999).  As Defendant's registered agent for service of process was served with the summons and Complaint on December 4, 2017, this Notice of Removal is timely.  28 U.S.C. § 1446(b).

/ / /

1

Case No. 2:18-cv-00064

DEFENDANT REGAL CINEMAS, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

### A. Diversity of Citizenship

1. For diversity purposes, an individual is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). An individual's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

2. Plaintiff alleges that he was at all relevant times, and still is, a resident of the State of California. (*See* Complaint ¶ 8.) Thus, Plaintiff is a citizen of California for purposes of determining diversity jurisdiction.

3. "A corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c). The United States Supreme Court established the test for determining a corporation's principal place of business for purposes of diversity jurisdiction in *Hertz Corporation v. Friend*, 130 S.Ct. 1181 (2010). The Supreme Court held that the "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* at 1184. The Court further clarified that the principal place of business is the place where the corporation "maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination." *Id.*

4. Defendant is incorporated in Tennessee and maintains its principal place of business in Tennessee, where its officers direct, control, and coordinate the corporation's activities. (Declaration of David Doyle ("Doyle Decl.") ¶4.) Thus, Defendant is a citizen of Tennessee for purposes of determining diversity jurisdiction.

5. Although Plaintiff has named "Doe" defendants, the citizenship of fictitiously-named "Doe" defendants is disregarded for purposes of removal.

28 U.S.C. § 1441(a); *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).   As Plaintiff and Defendant are citizens of different states under the applicable legal standards, complete diversity exists in this case.

### B.      Amount-In-Controversy

1.      In order to show that the amount in controversy requirement is satisfied, Defendant need only demonstrate, by a preponderance of evidence, that Plaintiff's claims meet the jurisdictional minimum.  28 U.S.C. § 1446(c)(2)(B).  In determining whether the jurisdictional minimum is met, the Court is entitled to and should consider all recoverable damages sought by Plaintiff, including compensatory damages, emotional distress damages, punitive damages, statutory penalties, and attorneys' fees.  *See Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977), *superseded on other grounds*; *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Anthony v. Security Pac. Fin. Servs., Inc.*, 75 F.3d 311, 315 (7th Cir. 1996).  In addition, the Court may consider the value of nonmonetary relief sought (28 U.S.C. § 1446(c)(2)(A)(i)) and aggregate claims for monetary and nonmonetary relief brought by a single plaintiff against a single defendant.  *See Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972) (noting "aggregation is permitted when 'a single plaintiff seeks to aggregate two or more of his own claims against a single defendant.'"); *Wolde-Meskel v. Vocational Instruction Project Community Services, Inc.*, 166 F.3d 59, 62 (2d Cir. 1999) (same).  Ultimately, the removing defendant meets its burden of establishing the jurisdictional minimum amount in controversy if it establishes that it is "more likely than not" that the amount in controversy exceeds $75,000.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

2.      Here, based on the Unruh Act's recovery scheme and Plaintiff's theory of recovery as set forth in his Complaint, it is clear that the aggregate of monetary and nonmonetary relief at issue in this case exceeds $75,000.

/ / /

32485761_1.docx

Case No. 2:18-cv-00064

3.     Monetary Damages:  Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy," subject to certain exceptions, such as nonmonetary relief, discussed below.  *See* 28 U.S.C. § 1446(c)(2).  In this regard, Plaintiff's alleged amount of monetary damages -- *i.e.*, up to $24,999 (Complaint ¶ 63 [alleging monetary recovery that "shall not exceed $24,999"])-- satisfies almost half of the amount in controversy requirement on its own.  Further, while Defendant disputes any liability in this case, a review of the damages potentially recoverable under the Unruh Act and Plaintiff's theory of liability, which involves repeating claims and alleged ongoing violations by Defendant for months, demonstrates that the amount of monetary damages sought by Plaintiff in the Complaint satisfies the "good faith" requirement for purposes of removal under 28 U.S.C. § 1446(c)(2).

4.     The Unruh Act allows for recovery of a statutory minimum of $4,000 "for each and every offense" of its provisions.  Cal. Civ. Code § 52(a).  "'[E]ach offense' is each time the plaintiff visits the non-compliant place of public accommodation *or* each specific instance in which the plaintiff is deterred from attempting to visit."  *Molski v. Rapazzini Winery*, 400 F. Supp. 2d 1208, 1211-1212 (N.D. Cal. 2005) (emphasis added), *citing Arnold v. United Artists Theatre Circuit, Inc.* 866 F. Supp. 433 (N.D. Cal. 1994); Cal. Civ. Code § 55.56(b); *see Feezor v. Del Taco, Inc.*, 431 F. Supp. 2d 1088, 1090 (S.D. Cal. 2005), *citing Lentini v. Cal. Ctr. for the Arts*, 370 F.3d 837, 847 (9th Cir. 2004); *Arnold*, 866 F. Supp. at 439.

5.     Plaintiff alleges that he has not only experienced "multiple" past violations, but that he continues to be deterred from accessing Defendant's website and retail stores on a regular, ongoing basis. (Complaint ¶¶ 4, 16.)  Specifically, Plaintiff alleges:

a.     "Due to Defendant's failure and refusal to remove access barriers to its website and Mobile App, Plaintiff and other visually-impaired persons have been and ***are still being denied*** equal access to Defendant's stores

4

32485761_1.docx

and the numerous goods, services [*sic*] privileges and benefits offered to the public through Defendant's website and Mobile App." (Complaint ¶ 29 [emphasis added].)

b. "Plaintiff has visited Defendant's website on ***several separate occasions***…." (Complaint ¶ 32 [emphasis added].)

c. "Plaintiff attempted to use the Mobile App with an iPhone on ***several separate occasions***…." (*Id*. ¶ 34 [emphasis added].)

d. "During Plaintiff's ***separate visits*** to Defendant's website, Plaintiff encountered multiple access barriers which denied Plaintiff full and equal access to the facilities, goods and services offered do the public and made available to the public on Defendant's website." (*Id*. ¶ 36 [emphasis added].)

e. "In the course of ***several separate attempts*** to utilize Defendant's Mobile App, Plaintiff encountered multiple access barriers which denied Plaintiff full and equal access to the facilities, goods and services offered do the public and made available to the public on Defendant's Mobile App." (Complaint ¶ 35 [emphasis added].)

f. "***Plaintiff has been deterred, on a regular basis***, from accessing Defendant's website and Mobile App." (*Id*. ¶ 16 [emphasis added].)

g. "Plaintiff continues to be ***deterred on a regular basis*** from accessing Defendant's website and Mobile App." (*Id*. ¶ 43 [emphasis added].)

6. Given Plaintiff's allegation that he has visited Defendant's website and experienced purported access barriers on "several" occasions, and that he has been continuously deterred from accessing the website on a "regular" and "ongoing" basis for months ("since October 2017"), Plaintiff clearly is seeking to demonstrate grounds for recovery based on numerous individual "offenses." At $4,000 per offense, Plaintiff certainly seeks, at the very least, $8,000 in statutory damages.

///

7. Attorneys' Fees: Moreover, since attorneys' fees are recoverable as a matter of right for prevailing parties under the ADA and Unruh Act, the Court may also consider such fees when determining the amount in controversy. Cal. Civ. Code § 52(a); *see Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155-1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."); *Miera v. Dairyland Brady v. Mercedes-Benz USA, Inc.,* 243 F. Supp. 2d 1004, 1010-1011 (N.D. Cal. 2002) (same). Significantly, courts in the Central District have held that estimated fees during the litigation may be considered as part of the amount in controversy. *See*, *e.g.*, *Oganesyan v. AT&T Mobility Servs., LLC*, 2014 U.S. Dist. LEXIS 132126, *7 (C.D. Cal. Sept. 18, 2014) (holding that where an underlying statute permits recovery of attorneys' fees, "the Court does not merely consider those fees which have already incurred; rather, it looks to the amount that can be reasonably estimated" when determining the amount in controversy); *Sawyer v. Retail, DATA, LLC*, 2015 U.S. Dist. LEXIS 57113, *6-*7 (C.D. Cal. Apr. 29, 2015) ("[Plaintiff's] claim for fees is authorized by Cal. Gov't Code § 12965(b), and thus her post-removal attorneys' fees are part of the 'amount at stake' in the action."); *Sasso v. Noble Utah Long Beach, LLC*, 2015 U.S. Dist. LEXIS 25921, *11 (C.D. Cal. Mar. 3, 2015) (same).

8. Based on Defendant's counsel's extensive experience with federal and state accessibility litigation, it is reasonably plausible that the combined alleged damages and expected attorneys' fees in this case exceed $75,000 (though Defendant disputes all claims for damages and attorneys' fees). (Declaration of David Raizman ¶¶ 3-4).

9. Nonmonetary Damages: The Court may also consider the cost of nonmonetary relief alleged in Plaintiff's Complaint. 28 U.S.C. § 1446(c)(2)(A)(i). In addition to monetary damages, Plaintiff seeks preliminary and permanent injunctive relief "enjoining Defendant from further violations of [Unruh]," and

32485761_1.docx

requiring Defendant to take the steps necessary to make regmovies.com and its Mobile App "readily accessible to and usable by blind and visually-impaired individuals." (Complaint, Prayer for Relief ¶¶ 1-3; *see* Complaint ¶ 62.) In the context of single-plaintiff cases, the Ninth Circuit has adopted an "either viewpoint" rule such that "the test for determining the amount in controversy is the *pecuniary result to either party which the judgment would directly produce." In re Ford Motor Co./Citibank (South Dakota), NA*, 264 F.3d 952, 958 (9th Cir. 2001) (emphasis added); *see Sanchez,* 102 F.3d at 405 n. 6 (observing how the 9th Circuit "rejected the 'plaintiff-viewpoint' rule, which states that courts attempting to determine the value of a claim for purposes of the amount in controversy requirement should look only to the benefit to the plaintiff, rather than to the potential loss to the defendant."), *citing Ridder Bros, Inc. v. Blethen, et al.*, 142 F.2d 395, 398 (9th Cir. 1944) (noting "if the value of the thing to be accomplished [is] equal to the dollar minimum of the jurisdictional amount requirement to anyone concerned in the action, then jurisdiction [is] satisfied."). Accordingly, to the extent the cost of remedying the alleged issues with the regmovies.com website and Mobile App, combined with Plaintiff's alleged monetary damages, exceeds $75,000, the amount in controversy requirement is met.

10.     There is little doubt the cost of implementing the changes sought in Plaintiff's Complaint could meet the minimum amount in controversy for removal. Plaintiff's Complaint notes several alleged types of barriers on Defendant's website, including: (1) the lack of incorrectly labeled or unlabeled graphics, links and buttons or lack of alternative text (2) "multiple unlabeled or mislabeled buttons and links;" (3) "insufficient navigational headings," (4) "unlabeled slide show," (5) inability to select theater location, (6) inability to select available seating, and (7) inability to purchase multiple tickets. (Complaint ¶ 38.) Further, Plaintiff's Complaint notes the same alleged types of barriers on Defendant's mobile app. (Complaint ¶ 41.) Significantly, due to the complexity and labor intensive nature of assessing a website

32485761_1.docx

DEFENDANT REGAL CINEMAS, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT

(which includes examining the website at the code level), the cost performing an initial accessibility audit and a subsequent verification audit following completion of any remediation work is at least $50,000. (Doyle Decl.¶ 3.) Further, the cost performing an initial accessibility audit of the mobile app is at least $35,000. (*Id.* at ¶ 3.) Further, to the extent that barriers exist on either the website or mobile app, there are additional costs associated with remediation of the alleged barriers. (*Id.*) Therefore, based on the cost of accessibility testing and a verification audit of the alleged barriers ($85,000), a conservative estimate of Plaintiff's demand for statutory damages ($8,000), and the potential attorneys' fees sought in this action, it is clear that the $75,000 amount in controversy is easily met in this case.

## III. THE PROCEDURAL REQUIREMENTS OF 28 U.S.C. § 1446 ARE SATISFIED.

1. In accordance with 28 U.S.C. §1446(a), this Notice of Removal is filed in the District in which the action is pending. The Los Angeles County Superior Court is located within the Central District of California. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

2. In accordance with 28 U.S.C. §1446(a), copies of all process, pleadings, and orders served upon Defendant are attached as Exhibits to this Notice.

3. In accordance with 28 U.S.C. §1446(d), a copy of this Notice is being served upon counsel for Plaintiff, and a notice will be filed with the Clerk of the Superior Court of California for the County of Los Angeles. Notice of Compliance shall be filed promptly afterwards with this Court.

4. As required by Federal Rule of Civil Procedure 7.1 and Local Rule 7.1-1, Defendant concurrently filed its Certificate of Interested Parties and Corporate Disclosure Statement.

/ / /

/ / /

32485761_1.docx

Case No. 2:18-cv-00064

DEFENDANT REGAL CINEMAS, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT

5.    Based on all of the matters discussed above, Defendant removes the above-captioned action to the United States District Court for the Central District of California.

Respectfully submitted,

DATED:  January 3, 2018

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By:  /s/ Amber L. Roller
       David Raizman
       Amber L. Roller

Attorneys for Defendant
REGAL CINEMAS, INC.

Case No. 2:18-cv-00064

32485761_1.docx

DEFENDANT REGAL CINEMAS, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT